08 CV 01826

CHALOS, O'CONNOR & DUFFY, LLP
Attorneys for Plaintiff,
DOMINE MARITIME CORP.
366 Main Street
Port Washington, New York 11050
Tel: (516) 767-3600
Fax: (516) 767-3605
Owen F. Duffy (OD-3144)
George E. Murray (GM-4172)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

DOMINE MARITIME CORP.,

     Plaintiff,

   v.

FRIENDSHIP INTERNATIONAL
MANAGEMENT (SVG) INC., also known as
FRIENDSHIP INTERNATIONAL MANAGEMENT,
also known as FIM,
also known as FIM MIDDLE EAST,

     Defendant.
-------------------------------------------------------------X

08 CV _____ (___)

**VERIFIED COMPLAINT**

  Plaintiff DOMINE MARITIME CORP. (hereinafter "DOMINE"), by its attorneys, Chalos, O'Connor & Duffy, as and for its Verified Complaint against the Defendant, FRIENDSHIP INTERNATIONAL MANAGEMENT (SVG) INC., also known as FRIENDSHIP INTERNATIONAL MANAGEMENT also known as FIM also known as FIM MIDDLE EAST (hereinafter "FIM"), alleges upon information and belief as follows:

## JURISDICTION

1. This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure, and also falls under this Court's admiralty and maritime jurisdiction pursuant to 28 U.S.C. § 1333.

## THE PARTIES

2. At all times material hereto, Plaintiff DOMINE was and still is a foreign business entity duly organized and existing pursuant to the laws of Liberia.

3. The plaintiff DOMINE is the owner of the vessel M/V MADRE, and the primary business of DOMINE is to charter the M/V MADRE to others for the carriage of cargo in exchange for payments of hire or freight.

4. At all times material hereto, Defendant FIM was and still is a foreign business entity duly organized and existing pursuant to the laws of a foreign country, but, upon information and belief is operating from the offices of Ocean Bulk Shipping L.L.C., 308, Juma Al Majid Commercial Building, Opp, Burjuman Center, Karama, P.O. Box – 50244, Dubai, U.A.E. with a telephone number of +9714 3963777.

5. The defendant FIM is engaged in the business of transporting cargoes by ocean vessel.

## AS AND FOR A CAUSE OF ACTION FOR BREACH OF MARITIME CONTRACT

6. On November 9, 2007, Plaintiff DOMINE, as owner of the ocean-going vessel M/V MADRE, entered into a charter party contract with Defendant FIM, as charterer, whereby Defendant FIM hired the M/V MADRE to carry a freight of "minimum 17000 mtns of Slag in 1/1.5 mt Jumbo Bags" of a "non dangerous / harmless"

2

cargo in exchange for payment of freight at a rate of "USD 15,000 per metric tons F.I.O.S."

7. The charter party contract included a provision for demurrage at a rate of "USD 20,000 / Half dispatch for laytime saved at both ends."

8. The charter party contract between Plaintiff DOMINE and Defendant FIM is a maritime contract.

9. On December 28, 2007, Plaintiff DOMINE issued an invoice to the Defendant FIM for demurrage in the amount of $165,849.21 due.

10. Defendant FIM failed, and has still failed, to pay the $165,849.21 due for demurrage under the charter party maritime contract with Plaintiff DOMINE.

11. Defendant FIM's failure to make timely payment of the hire when it became due constitutes a breach of the charter party and, therefore, Plaintiff DOMINE has a maritime claim against Defendant FIM for breach of charter party in the principal amount of $165,849.21.

12. The maritime contract charter party between Plaintiff DOMINE and Defendant FIM provide that any disputes arising out of the maritime contract shall be governed by English law and shall be referred to arbitration in London.

13. Interest and costs, including attorneys' fees, are routinely awarded to the prevailing party in London arbitration because they are recoverable damages in arbitration pursuant to English law.

14. In accordance with the terms and conditions of the charter party, the Plaintiff DOMINE is preparing to initiate arbitration proceedings against FIM in London.

3

15. As best as can now be estimated, Plaintiff DOMINE expects to recover the following amounts in London arbitration from Defendant FIM:

| | | |
|---|---|---|
| A. | Principal claim | $165,849.21 |
| B. | Estimated interest on claims: 3 years at 8%, compounded quarterly | $ 44,487.70 |
| C. | Estimated attorneys' fees: | $ 50,000.00 |
| D. | Estimated arbitration costs/expenses: | $ 25,000.00 |
| **Total** | | **$ 285,336.91** |

## PRAYER FOR RELIEF

16. Notwithstanding the fact that the liability of the Defendant is subject to determination by arbitration in London, there are now, or will be during the pendency of this action, certain assets, accounts, freights, monies, charter hire, credits, effects, payment for bunkers, goods or services, bills of lading, cargo and the like belonging to or claimed by the Defendant within this District and held by various parties, as garnishees.

17. Plaintiff DOMINE believes that some of these assets, *to wit*: bank accounts; payments from the purchasers of other cargoes; freight and/or hire payments being made to other vessel owners U.S. dollars; freight and hire payments from other charterers or shippers of cargo; and/or Clearing House Interbank Payment System (CHIPS) credits; and/or funds being transferred through intermediary banks are located in this District in the possession of garnishees, namely banks or financial institutions located in New York.

18. As set forth in the accompanying affidavit of Owen F. Duffy, the Defendant cannot be found within this District within the meaning of Rule B of the

Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure.

19. Because this Verified Complaint sets forth an *in personam* maritime claim against the Defendant and because the Defendant cannot be found within this District within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, the requirements for a Rule B attachment and garnishment are met and Plaintiff seeks the issuance of process of maritime attachment so that it may obtain security for its claims against the defendant and/or *quasi in rem* jurisdiction over the property of the Defendant so that an eventual judgment and/or award can be satisfied.

WHEREFORE, Plaintiff prays as follows:

A. That the Defendant be summoned to appear and answer this Verified Complaint;

B. That the Defendant not being found within this District, as set forth in the Affidavit of Owen F. Duffy, then all of its assets, accounts, freights, monies, charter hire, credits, effects, payment for bunkers, goods or services, bills of lading, cargo and the like belonging to or claimed by the Defendant within this District up to the amount sued for herein be attached pursuant to Supplemental Rule B and to pay Plaintiff's damages;

C. That this Court retain jurisdiction over this matter through the entry of a judgment either by this Court, and/or the London arbitration panel, so that judgment may be entered in favor of Plaintiff for the amount of its claim with costs, *i.e.* **US$285,336.91**,

and that a judgment of condemnation and sale be entered against the property arrested and attached herein in the amount of Plaintiff's claim, plus costs to be paid out of the proceeds thereof; and

D.  That Plaintiff has such other and further relief as the Court may determine to be just and proper under the circumstances.

Dated: Port Washington, New York
       February 22, 2008

                            CHALOS, O'CONNOR & DUFFY, LLP
                            Attorneys for Plaintiff,
                            DOMINE MARITIME CORP.

By: _____
    Owen F. Duffy (OD-3144)
    George E. Murray (GM-4172)
    366 Main Street
    Port Washington, New York 11050
    Tel:  (516) 767-3600
    Fax: (516) 767-3605
    ofd@codus-law.com
    gmurray@codus-law.com

CHALOS, O'CONNOR & DUFFY, LLP
Attorneys for Plaintiff,
DOMINE MARITIME CORP.
366 Main Street
Port Washington, New York 11050
Tel:  (516) 767-3600
Fax:  (516) 767-3605
Owen F. Duffy (OD-3144)
George E. Murray (GM-4172)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
DOMINE MARITIME CORP.,

                Plaintiff,

        08 CV _____ (___)

     v.

        **VERIFICATION**

FRIENDSHIP INTERNATIONAL
MANAGEMENT (SVG) INC., also known as
FRIENDSHIP INTERNATIONAL MANAGEMENT,
also known as FIM,
also known as FIM MIDDLE EAST,

                Defendant.
------------------------------------------------------------X
STATE OF NEW YORK   :
                           : ss.
COUNTY OF NASSAU    :

      BEFORE ME, the undersigned authority, personally came and appeared Owen F. Duffy who, after being duly sworn, did depose and state:

      1.     That he is a partner in the law firm of Chalos, O'Connor & Duffy LLP, counsel for the Plaintiff, DOMINE MARITIME CORP., herein;

      2.     That he has read the foregoing complaint and knows the contents thereof;

      3.     That he believes the matters to be true based on documents and information obtained from employees and representatives of the Plaintiff through its agents, underwriters and attorneys; and

4. That the reason that this verification was made by deponent and not by the Plaintiff is because Plaintiff is a foreign corporation, whose officers' verification could not be obtained within the time constraints presented by the circumstances of this case.

Dated: Port Washington, New York
February 22, 2008

By: _____

CHALOS, O'CONNOR & DUFFY, LLP
Attorneys for Plaintiff,
DOMINE MARITIME CORP.

Owen F. Duffy (OD-3144)
366 Main Street
Port Washington, New York 11050
Tel: (516) 767-3600
Fax: (516) 767-3605

Subscribed and sworn to before me this
February 22, 2008

_____
Notary Public, State of New York

GEORGE E. MURRAY
Notary Public, State of New York
No. 02MU6108120
Qualified in New York County
Commission Expires April 12, 2008

2