CHALOS, O'CONNOR & DUFFY, LLP
Attorneys for Plaintiff,
DOMINE MARITIME CORP.
366 Main Street
Port Washington, New York 11050
Tel: (516) 767-3600
Fax: (516) 767-3605
Owen F. Duffy (OD-3144)
George E. Murray (GM-4172)

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 02-25-08
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
DOMINE MARITIME CORP.,

      Plaintiff,

  v.

FRIENDSHIP INTERNATIONAL
MANAGEMENT (SVG) INC., also known as
FRIENDSHIP INTERNATIONAL MANAGEMENT,
also known as FIM,
also known as FIM MIDDLE EAST,

      Defendant.
------------------------------------------------------------X

08 CV 1826 (LAP)

**ORDER FOR ISSUANCE
OF A PROCESS OF
MARITIME ATTACHMENT**

  Upon reading the Verified Complaint requesting issuance of Process of Maritime Attachment and Garnishment, and the Affidavit of Owen F. Duffy, Esq. attached thereto, and the Court finding that the conditions for an attachment under Rule B of the Supplemental Rules for Admiralty or Maritime Claims Admiralty to the Federal Rules of Civil Procedure appear to exist, it is this day, by the United States District Court for the Southern District of New York, hereby

  **ORDERED** that the Clerk shall issue a Process of Maritime Attachment and Garnishment as prayed for in the Verified Complaint; and it is further

MICROFILMED FEB 25 2008 -3 10 PM

**ORDERED** that the Process of Attachment issued by the Clerk shall be against all property, tangible or intangible, including funds, goods, chattels, credits, effects, debts owned by or owed to the Defendant FRIENDSHIP INTERNATIONAL MANAGEMENT (SVG) INC., also known as FRIENDSHIP INTERNATIONAL MANAGEMENT also known as FIM also known as FIM MIDDLE EAST or monies to be paid to discharge a debt owed to the Defendant, including monies being electronically transferred by or to FRIENDSHIP INTERNATIONAL MANAGEMENT (SVG) INC., also known as FRIENDSHIP INTERNATIONAL MANAGEMENT also known as FIM also known as FIM MIDDLE EAST which are in the possession or control of, or being transferred through any garnishee within this District, including, without limitation, property held by or in the possession or control of the following garnishee(s):

1. ABN Amro Bank N.V.
   55 East 52nd Street
   New York, New York 10055

2. American Express Bank Ltd.
   c/o Zeichner Ellman & Krause, LLP
   Legal Counsel for Bank of America
   575 Lexington Avenue, 10th floor
   New York, New York 10022

3. Bank of America, National Association
   c/o Zeichner Ellman & Krause, LLP
   Legal Counsel for Bank of America, N.A.
   575 Lexington Avenue, 10th floor
   New York, New York 10022

4. Bank of China
   410 Madison Avenue
   New York, New York 10017

5       Bank of New York
        120 Broadway, 19th Floor
        New York, New York

6.      Citibank, N.A.
        Legal Service Intake Unit
        1 Court Square, 7th Floor
        Long Island City, NY 11120

7.      Deutsche Bank Trust Company Americas
        60 Wall Street
        New York, New York 10005

8.      HSBC Bank U.S.A., National Association
        452 Fifth Avenue
        New York, New York

9.      JPMorgan Chase Bank, National Association
        One Chase Manhattan Plaza
        New York, New York 10081

10.     Mashreq Bank PSC
        50 Broadway
        New York, NY 10004-6516

11.     Standard Chartered Bank
        One Madison Avenue
        New York, NY 10010

12.     UBS AG
        299 Park Avenue
        New York, New York, 10017

13.     Wachovia Bank, National Association
        11 Penn Plaza
        New York, New York 10001

or any of their affiliates and any other garnishee(s) within this district upon whom a copy of the Process of Maritime Attachment and Garnishment herein may be served, in an amount up to the amount sued for, *i.e.*, **US$285,336.91**, it is further

**ORDERED** that any person claiming an interest in the property attached or garnished pursuant to said Order shall, upon application to the Court, be entitled to a prompt hearing at which the plaintiff shall be required to show why the attachment and garnishment should not be vacated or other relief granted, and it is further

**ORDERED** that a copy of this Order be attached to and served with the said Process of Maritime Attachment and Garnishment, and it is further

**ORDERED** that pursuant to Fed. R. Civ. P., Supplemental Rules for Certain Admiralty and Maritime Claims, Rule B(1)(d)(ii)(C), the Writ of Attachment may be served by any person, who is not less than 18 years old, and who is not a party to this action, and it is further

**ORDERED** that service on any garnishee(s) (i.e. any original garnishee or any garnishee herein) is deemed to be effective and continuous service throughout the remainder of the day upon which such service is made commencing from the time of such service through the opening of the garnishee's business the next business day, and it is further

**ORDERED** that pursuant to Federal Rule of Civil Procedure 5(b)(2)(D), that following initial service upon any garnishee by the United States Marshal or any other person designated by Order to make service in this action, supplemental service of the Process of Maritime Attachment and Garnishment shall thereafter be made by way of service of a copy of the Process of Maritime Attachment and Garnishment via facsimile transmission or other verifiable electronic means, including e-mail, to each garnishee so personally served, and it is further

**ORDERED** that supplemental process enforcing this Order may be issued by the Clerk and served without further Order of the Court.

Dated: New York, New York
       February 15, 2008

SO ORDERED:

*Loretta A. Preska*
U. S. D. J.